**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Simplexity, LLC, *et al.*, | ) | Case No. 14-10569 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| Charles A. Stanziale, Jr., Chapter 7 | ) | |
| Trustee for the Estates of Simplexity, | ) | |
| LLC, *et al.*, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 16-50212 (KG) |
| | ) | |
| Versa Capital Management, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **Re: D.I.'s 46 & 48** |

**OPINION RE MOTION OF THE
DEFENDANTS FOR JUDGMENT ON THE PLEADINGS**

Charles A. Stanziale, Jr., the chapter 7 trustee (the "Trustee"), filed this adversary

proceeding on behalf of the estates of Simplexity, LLC ("Simplexity"), Simplexity

Services, LLC ("Services"), and Adeptio INPC Holdings, LLC ("Holdings") (collectively,

"Debtors") for breaches of fiduciary duty and aiding and abetting fiduciary breaches

against defendants John Bailey, Frank Bennett, III, Kesha Evans, Walter Leach, and David

Moir (collectively, the "Simplexity Defendants"). Each of the Simplexity Defendants was

an officer or authorized person of Simplexity and/or Services. The Trustee also brought

suit against Versa Capital Management, LLC ("Versa"), Paul Halpern, Gregory L. Segall,

Raymond C. French, David S. Lorry, Thomas S. Kennedy and Randall R. Shultz (the "Versa Defendants"). The Court will where appropriate refer to the Simplexity Defendants and the Versa Defendants collectively as the "Defendants," and their motions as the "Motions."

In the complaint [D.I. 1] (the "Complaint") the Trustee alleges that the Defendants failed to act to preserve the value of Debtors as a going concern. The Trustee claimed that the Defendants' actions and/or inaction exposed Simplexity to the employment related claims. The Trustee asserted claims for breach of fiduciary duty for exposing Debtors to the WARN Act charges. The other alleged breaches of fiduciary duty were those resulting from breaches and aiding and abetting breaches of fiduciary duties resulting from, among other things, failing to seek bankruptcy protection for the Debtors prior to each sweep of cash by the Debtors' secured creditor, which the Trustee alleges precipitated the permanent loss of tens of millions of dollars of going concern value. In addition, the Trustee brings claims against the Defendants for failing to monetize the Debtors' business in the years preceding the bankruptcy filing. Complaint, *passim*.

The Defendants previously moved to dismiss the Trustee's claims on various grounds, including certain exculpation provisions of the Debtors' LLC Agreements (defined below). The Court issued a memorandum opinion [D.I. 42] (the "Opinion") on January 5, 2017. In the Opinion, the Court dismissed veil-piercing claims, but declined to dismiss the Trustee's remaining claims on the basis that an "exculpatory clause is

considered an affirmative defense and will not provide the basis for dismissal." Opinion at 13.

The Defendants filed answers to the Complaint [D.I. 45, 47] along with motions for judgment on pleadings [D.I. 46, 48] (the "Motions"). The Trustee filed a response on February 24, 2017 [D.I. 53]. The Versa Defendants filed a reply on March 10, 2017 [D.I. 55].

## **STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *In re Energy Future Holdings Corp.*, 546 B.R. 566, 576 (Bankr. D. Del. 2016). The movant must clearly establish that "no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). The Court must accept the facts presented in the Complaint as true and view them in the light most favorable to the non-moving party. *Id*.

## FACTS

The Debtors are Delaware limited liability companies.  Simplexity was the primary operating Debtor entity.   Simplexity is a single-member Delaware limited liability company which Holdings owns.  Complaint ¶ 24.  Holdings is a two-member Delaware limited liability company that Versa manages.  Complaint. ¶ 25.  Holdings is owned by two funds that Versa manages.  *Id*. at ¶¶ 25-26.  The Versa Defendants managed Simplexity.  Other individuals who acted as officers or managers of the Debtors also worked for Versa.  The Versa Defendants held managerial positions at one or more of the Debtors, and each of the individual Versa Defendants also held managerial positions at Versa. *Id*., ¶¶ 11-22.

Defendants attached copies of the Debtors' limited liability company agreements (the "LLC Agreements"), and raised affirmative defenses based on certain exculpatory clauses found in the LLC Agreements [D.I. 45, 47].  The Court can properly consider the LLC Agreements in deciding the Motions.  *See In re Fedders North Am., Inc.*, 422 B.R. 5, 10 (Bankr. D. Del. 2010) (holding that a court may properly consider documents on a Rule 12(c) motion that were attached to parties' answers and incorporated by reference in the complaint without converting the motion into one for summary judgment).

The Simplexity LLC Agreement (the "Simplexity Agreement") was executed on

March 28, 2012 and contains the following exculpations and limitation of duties:

> Section 8.1    Limitation on Liability.    No current or former Manager of [Simplexity] shall be personally liable to the Company or the Member for monetary damages for breach of fiduciary duty as a Manager of [Simplexity]…*provided, however, that this provision shall not eliminate liability of a Manager (i) for any breach of the Manager's duty of loyalty to the Company and the Member, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, or (iii) for any transaction from which the Manager derived an improper personal benefit*…

> Section 8.2    Limitation of Duties; Conflict of Interest

> To the maximum extent permitted by applicable law, the Company and each Member, Manager, officer and employee of the Company hereby waives any claim or cause of action against any [Versa] Person for any breach of any fiduciary duty to the Company or its Members or any of the Company's Affiliates by any such Versa Person, including, without limitation, as may result from a conflict of interest between the Company or its Members or any of the Company's Affiliates and such Versa Person or otherwise.  Each Member acknowledges and agrees that in the event of any such conflict of interest, *each such Versa Person may, in the absence of bad faith, act in the best interests of such Versa Person*, including without limitation its Affiliates, employees, agents and representatives…*[S]uch waiver shall not apply to the extent the act or omission was attributable to the Manager's gross negligence or knowing violation of law* as determined by a final judgment, order or decree of a court of competent jurisdiction (which is not appealable or with respect to which the time for appeal therefrom has expired and no appeal has been perfected).

Simplexity Agreement §§ 8.1-8.2.

Simplexity owns and manages Services.   The Services LLC agreement (the

"Services Agreement") was also executed on March 28, 2012.  The Services Agreement

provides the following on exculpation and elimination of duties and conflicts of interest:

**Section 8.01  Exculpation.**

(a)     <u>No Fiduciary Duties.</u>  To fullest extent permitted by law:

(i)     notwithstanding any duty otherwise existing at law or in equity, and notwithstanding any other provision of this Agreement, *no Indemnified Party shall owe any duty (including fiduciary duties)* to the Company, the Member or any other Person that is a party to or is otherwise bound by this Agreement, in connection with any act or failure to act, whether hereunder, thereunder or otherwise; provided, however, that this clause (i) shall not eliminate the implied contractual covenant of good faith and fair dealing, and

(ii)     *No Indemnified Party shall have any personal liability* to the Company, the Member, or any other Person that is a party to or is otherwise bound by this Agreement for monetary damages *in connection with any act or failure to act, or breach*, whether under this Agreement, the Act or otherwise; provided, however, that this clause (ii) shall not limit or eliminate liability for any act or omission that constitutes a bad faith violation of the implied contractual covenant of good faith and fair dealing.

(b)     <u>No Personal Liability.</u>  If any provision of Section 8.01(a)(i) or (a)(ii) is held to be invalid, illegal or unenforceable, the duties and personal liability of any Indemnified Party to the Company, of the Member or any other Person that is a party to or is otherwise bound by this Agreement shall be eliminated to the greatest extent permitted under the Act.

Services Agreement Sections 8.01-8.02 (emphasis supplied).

The Holdings LLC agreement (the "Holdings Agreement") contains similar exculpatory provisions, but expressly preserves liability for acts and omissions due to "willful misconduct or recklessness":

**9.01 Exculpation**

"No indemnified party shall be liable, responsible or accountable in damages or otherwise to Company or Members for any act or omission of the Indemnified Party on behalf of the Company, provided that the act or omission is not determined by a court to be due to such Indemnified Party's misconduct or recklessness."

Holdings Agreement § 9.01.  With regard to limitations of duties, the Holdings agreement provides a waiver of causes of action against Versa-related parties except for bad faith and where acts and omissions are not attributable to "gross negligence or knowing violations of law."  *Id.* § 9.03.

## ANALYSIS

### A.  The Simplexity Agreement preserves the Trustee's causes of action against the Defendants related to their management of Simplexity.

While Delaware law allows enforcement of clear exculpation provisions, the operating document, the Simplexity Agreement, does not contain such exculpations.  The Defendants are correct in their argument that Delaware law strongly favors enforcement of provisions in LLC agreements that eliminate legal duties and personal liability.  *See* Opinion at 10 (citing 6 Del. C. § 1101(e)).  *See also R & R Capital, LLC v. Buck & Doe Run Valley Farms, LLC*, 2008 WL 3846318, at *4 (Del. Ch. Aug. 19, 2008) ("Delaware's LLC Act leaves to the members of a limited liability company the task of arranging a manager/investor governance relationship") (internal quotations omitted), *TravelCenters of Am., LLC v. Brog*, 2008 WL 1746987, at *1 (Del. Ch. Apr. 3, 2008) (finding that under Delaware law "limited liability companies are creatures of contract" and thus drafters enjoy broad freedom in creating bylaws), *In re Grupo Dos Chiles, LLC*, 2006 WL 668443, at *2 (Del. Ch. Mar. 10, 2006) ("Limited liability companies are designed to afford the maximum amount of freedom of contract, private ordering and flexibility to the parties

involved"). The Delaware LLC Act permits the limitation of duties in a limited liability company agreement. *Id*. Yet, the Simplexity Agreement does not restrict fiduciary duties and associated liability to the fullest extent permissible. Instead, the Simplexity Agreement expressly preserves claims for the breach of the duty of loyalty, gross negligence, and knowing violation of law. *See* Simplexity Agreement §§ 8.1-8.2.

The Defendants' entire argument, both the Simplexity Defendants and the Versa Defendants, is premised on application of the Services Agreement to the management of Simplexity. The Defendants essentially argue that the parties to the Services Agreement are mostly the same parties as the parties to the Simplexity Agreement, and thus the Services Agreement's broad reach to any "Member or any other Person that is a party to or is otherwise bound by this Agreement," governs Simplexity's managers in their management of Simplexity. Services Agreement § 8.01(a)(ii). Without providing legal or constructional support, the Defendants argue that the Services Agreement superseded the Simplexity Agreement in governing the Simplexity managers in their management of Simplexity. The difference between the two agreements' exculpations is that the Services Agreement waives all causes of action for anyone bound by the agreement except for those arising from bad faith, whereas the Simplexity Agreement does not contain the same broad exculpation. *Compare* Simplexity Agreement § 8.1 (preserving causes of action for breach of duties of loyalty, good faith, and fair dealing) *with* Services

Agreement § 8.01A (granting broad exculpation to any indemnified party for any breach, preserving claims for bad faith).

The Defendants' argument that this Court should apply the Services Agreement, instead of the Simplexity Agreement, to all claims brought on behalf of Simplexity contravenes logic and Delaware law.    The Simplexity Agreement is the operative document, not the Services Agreement.    Nothing in the Delaware LLC Act permits members, by executing company A's LLC agreement, to limit duties and associated liability arising in connection with the affairs of company B.    As stated, the Services Agreement only limits duties that Services would otherwise owe to Simplexity in its capacity as the sole member of Services - not what Services owes to Simplexity in the management of Simplexity.    Sections 8.01 and 8.02 of the Services Agreement only restrict the Trustee's ability to bring an action, on behalf of Simplexity, for breach of Defendants' failure to effectively manage Services.

The Defendants' argument implies that the Services Agreement amended the Simplexity Agreement.    Yet, the Simplexity Agreement provides that it may only be amended by a writing signed by its member, Holdings.    *See* Simplexity Agreement § 12.1. Thus, the Services Agreement does not and cannot limit the Simplexity Defendants or the Versa Defendants' duties or liability arising from management of Simplexity.    Here, the Services Agreement does not even reference the already existing Simplexity Agreement and it is not signed by Holdings.    Interpreting the Services Agreement is for all intents

and purposes irrelevant.  The Trustee is correct in his argument that it is the Simplexity

Agreement that governs.

Under the Simplexity Agreement, the Defendants owed fiduciary duties and

duties of loyalty to the entity and its members.  The Simplexity Agreement does not

restrict fiduciary duties and associated liability to the fullest extent permissible.  Absent

exculpation, managers and controlling members owe fiduciary duties to both the LLC

and the LLC's members arising by default.  *In re ALH Holdings LLC,* 675 F. Supp. 2d 462,

467, 482 (D. Del. 2009).  Under Delaware law, drafters of chartering documents must

make their intent to eliminate fiduciary duties "plain and unambiguous."  *See Bay Ctr.*

*Apts. Owner, LLC v. Emery Bay PKI, LLC,* 2009 WL 1124451, at *9 (Del. Ch. Jan. 30, 2015)

(holding that because a provision eliminating fiduciary duties could not be reconciled

with a conflicting provision elsewhere, the court interpreted the agreement to require

members to act in accordance with traditional fiduciary duties).  The Simplexity

Agreement specifically preserves claims for the breach of the duty of loyalty, gross

negligence, and other claims.  The exculpation language expressly provides that it does

not "eliminate liability of a Manager…for any breach …of the duty of loyalty," nor does

it apply to "gross negligence or knowing violation of law."  Simplexity Agreement §§ 8.1 – 8.2.

Thus, the Simplexity Agreement does not restrict these default duties owed to Simplexity

arising in the management of Simplexity.

Under the language of the Simplexity Agreement, the Court's prior findings establish that the Trustee has stated claims for breach of Defendants' fiduciary duty. *See* Opinion at 19. The Court has already found that the Trustee states claims (yet to be proven) for breaches of fiduciary duty arising from the mismanagement of Simplexity, including claims of disloyalty and gross negligence. The Court held that "[t]he Complaint does adequately state the claim that the Defendants were grossly negligent or acting in disregard of the law in not filing for bankruptcy." Opinion at 19. Thus, the Court has found that the Trustee stated a claim that there was a breach of duties owed under the Simplexity Agreement. *See* Simplexity Agreement § 8.2 (preserving claims for gross negligence). The Court held that the Trustee stated a claim for gross negligence.

While Delaware law does permit broad exculpation, the language of the Simplexity Agreement does not limit Defendants' duties or liability arising from the management of Simplexity to the fullest extent permitted. While generous, the Delaware LLC Act does require that limitation of liability be provided in a "plain and unambiguous" form. *See Bay Ctr. Apts*, 2009 WL 1124451, at *9. In the absence of express language, LLC managers and controlling members owe fiduciary duties to both the LLC and the LLC's members arising from the management of the LLC. *ALH Holdings*, 675 F.Supp.2d at 482.

Contrary to the Versa Defendants' argument, reading the plain language of an LLC agreement is consistent with Delaware law. In *Feeley*, the court applied the principle of giving the maximum effect to the freedom of contract. *Feeley v. NHAOCG, LLC*, 62 A.3d 649, 663 (Del. Ch. 2012). *Feeley* found that while the subject LLC's charter documents did provide exculpation for certain causes of action, it did not restrict, modify, or eliminate fiduciary duties without specific and clear language. *Id.* The Court, too, finds that the exculpation clauses in the Simplexity Agreement do not eliminate Defendants' fiduciary duties.

### B.  The Trustee does not have standing to assert breach of fiduciary duty claims against the Versa Defendants under the Holdings Agreement.

The Trustee also seeks to assert breach of fiduciary duty claims against the Versa Defendants on behalf of Holdings. Holdings was the sole member of Simplexity. The Trustee alleges that Holdings was damaged by the failure of Holdings' managers (the Versa Defendants) to preserve the value of its membership by filing for bankruptcy earlier. The Trustee argues that the Complaint states claims on behalf of Holdings that are preserved under the Holdings Agreement, because it expressly preserves claims arising from "willful misconduct or recklessness." Holdings Agreement § 9.01.

The Trustee cannot assert a claim on behalf of Holdings. The Trustee premises his claim on the argument that Holdings suffered its own injuries, i.e., diminution of its interest as a stakeholder of Simplexity. The Trustee's sole legal support is *Case Fin., Inc. v. Alden*, 2009 WL 2581873, at *6 (Del. Ch. Aug. 21, 2009). In *Case Fin.*, the Court of

Chancery indicated that a plaintiff corporation could possibly maintain a direct claim for breach of fiduciary duty based on the diminution in value of the plaintiff's shares of its wholly-owned subsidiary.  The Trustee's entire legal support is dicta in *Case Financial* and it is insufficient.  *Id.* ("Case Financial *might have standing* to sue on its own behalf as a shareholder of Case Capital to redress a breach…of a duty owed directly to the shareholders") (emphasis supplied); *see also Adelphia Recovery Trust v. Bank of Am., N.A.,* 2010 WL 2077214, at *8 (S.D.N.Y. May 14, 2010) ("*Case Financial,* a lone decision by a trial court suggesting an exception to established Delaware law (as set forth by the Delaware Supreme Court), is not controlling").  The Versa Defendants argue that the Trustee's claims on behalf of Holdings do not allege that Holdings was harmed by Defendants' actions.

The Trustee has not established that Holdings has a claim against the Versa Defendants.  In order to decide whether a plaintiff has a direct claim versus a derivative claim, a court must determine "[w]ho suffered the alleged harm - the corporation or the suing stockholder individually - and who would receive the benefit of the recovery or other remedy?"  *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1038–39 (Del. 2004).  While an interest holder who is directly injured does retain the right to bring an individual action for injuries, the holder must show that his injury was "independent of any injury to the corporation."  *Id.* at 8 (quoting *Parnes v. Bally Entertainment Corp.*, 772 A.2d 1243, 1245 (Del. 1999)).  Here, the alleged injury to Holdings stems from the injury

to Simplexity, namely, the Versa Defendants neglected to declare bankruptcy at the expense of Simplexity.  Thus, the Trustee cannot satisfy the analysis under *Tooley* that he has a direct claim against the Versa Defendants.  The Court finds that the Trustee does not have standing with respect to Holdings and will dismiss the claims brought on Holdings' behalf.

**C. The Defendants' Motions do not address the chapter 5 claims.**

The Defendants do not seek judgment on the Trustee's Simplexity chapter 5 claims.  Thus, to the extent applicable the Court denies the Motions as to the chapter 5 claims.

## CONCLUSION

The Court will deny the Motions as to the Trustee's claims related to Defendants' management of Simplexity, and with respect to the remaining chapter 5 claims asserted on behalf of Simplexity.  With respect to Holdings, the Court finds that the Complaint asserts breach of fiduciary duty claims for which the Trustee lacks standing and the Court will dismiss the claims.  The Court will also grant the dismissal of any chapter 5 claims asserted on behalf of Holdings.

Dated:  June 1, 2017

KEVIN GROSS, U.S.B.J.

14